```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CHARTER PRACTICES,              :
INTERNATIONAL, LLC, et al.,     :
                                :
     Plaintiffs,                :
                                :
     v.                         :      CASE NO. 3:12cv1768(RNC)
                                :
JOHN M. ROBB,                   :
                                :
     Defendant.                 :
```

ORDER

The plaintiffs, Charter Practices International, LLC ("CPI") and Medical Management International, Inc. ("MMI") operate company-owned and franchised Banfield Pet Hospitals. They bring this diversity case against defendant John M. Robb, DVM, a state-licensed veterinarian and Banfield franchisee, who is appearing pro se. The plaintiffs claim that the defendant is interfering with CPI's operation of the Banfield Pet Hospital located inside the PetSmart Store at 288 West Avenue in Stamford, Connecticut, in violation of a "Charter Practice Agreement" between CPI and the defendant. They seek a preliminary injunction against the defendant. (Doc. #3.) The plaintiffs also ask the court to hold the defendant in contempt for violating the terms of the court's Temporary Restraining Order. (Doc. #18.) Pending before the court is the defendant's proposed witness list for the evidentiary hearing on the plaintiffs' motions.[1] (Doc. #31.)

---

[1]The motions were referred to the undersigned. (Doc. ##13, 22.)

Background

On December 17, 2012, the plaintiffs filed their complaint and moved for a temporary restraining order (doc. #2) and a preliminary injunction. (Doc. #3.) On December 18, 2012, the court (Chatigny, J.) granted the plaintiff's motion for a temporary injunction in part[2] and referred the plaintiffs' motion for a preliminary injunction to the undersigned. (Doc. #11.) On December 19, 2012, the court issued an order scheduling an evidentiary hearing on the preliminary injunction for January 3, 2013. The court ordered each party to file a witness list, an exhibit list and a memorandum of law by January 2, 2013. (Doc. #12.)

On December 21, 2012, the plaintiffs filed an "Emergency Motion to Hold Defendant in Contempt for Violating Temporary Restraining Order and to Modify the Temporary Restraining Order." (Doc. #18.) Judge Chatigny denied the plaintiffs' motion to modify the temporary restraining order and referred the motion for contempt to the undersigned to be heard as part of the scheduled evidentiary hearing. (Doc. #22.) On December 26, 2012, the parties filed a joint motion to reschedule the hearing and to continue the temporary restraining order until the court ruled on the plaintiffs' motion for preliminary injunction. (Doc. #19.)

---

[2]The Temporary Restraining Order enjoined the defendant from entering the premises of the Banfield Pet Hospital and PetSmart store located at 288 West Avenue, Stamford, Connecticut, including the parking lot of the PetSmart Store. (Doc. #11.)

The court granted the joint motion and rescheduled the evidentiary hearing to begin on January 7, 2013.  (Doc. #21.)

On January 2, 2013, in compliance with the court's order (doc. #12), the plaintiffs filed a pre-hearing memorandum of law and disclosed three witnesses and twenty-three exhibits.  (Doc. ##26-28.)  The defendant did not comply with the order: he filed no pre-hearing submissions, and did not even file his appearance until January 7, 2013, the day of the hearing.  (Doc. #29.)  He offers no explanation for his noncompliance.

The evidentiary hearing began on January 7, 2013 and continued over five days.  As of the date of this order, the plaintiffs are still presenting their case-in-chief.  On January 9, the third day of the hearing, the defendant first asked to call witnesses.  The court ordered him to file and serve a list of the witnesses he proposed to call and to provide a synopsis of their anticipated testimony.  (Doc. #30.)

On January 10, 2013, the defendant filed a list of 41 proposed witnesses.  (Doc. #31.)  The plaintiffs object.  They point to the defendant's failure to comply with the court's deadline to disclose witnesses and argue that he should not be permitted to call witnesses.  In the alternative, the plaintiffs argue that the court should limit the number of witnesses the defendant may call to three — the same number that the plaintiffs called.  (Doc. #36 at 4.)  Finally, they object to the proposed witnesses on the grounds

of "prejudicial lack of disclosure, relevancy, waste of judicial and the parties' resources and, in some cases, hearsay and cumulativeness."  (Doc. #36.)

Discussion

Sanctions

As the plaintiffs correctly argue, a court may sanction a party for failure to obey a court order, including prohibiting the disobedient party from introducing designated matters into evidence.  Fed. R. Civ. P. 37(b)(2)(A)(ii).  In this case, the defendant's failure to comply with the court's deadline to disclose witnesses is grounds to preclude their testimony.  Preclusion, however, is a harsh sanction that the court declines to impose on the pro se defendant in the present circumstances.[3]

Relevance

Although the court will not preclude the defendant's witnesses as a sanction, some of the witnesses must be precluded because the testimony that the defendant intends to elicit from them is not relevant.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it

---

[3]The court does not countenance the defendant's late disclosure.  However, under the circumstances of this case, the plaintiffs are not unduly prejudiced.  As indicated, the plaintiffs are still presenting their case-in-chief.  They have time and opportunity to address the defendant's proposed witnesses, many of whom are their own employees.

4

would be without the evidence." Fed. R. Evid. 401. As applied to this proceeding, relevant evidence is that which tends to affect the court's determination of the pending Motion for Preliminary Injunction (doc. #3) and Motion to Hold Defendant in Contempt (doc. #18).

To determine whether the plaintiffs are entitled to a preliminary injunction, the court must decide whether the plaintiffs have established "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc., 660 F.3d 643, 648 (2d Cir. 2011).

The plaintiffs seek an order enjoining the defendant from breaching their step-in rights under the Charter Practice Agreement ("CPA").[4] (Doc. #36 at 5.) The "Step-In" provision states:

> In order to prevent any interruption of the operation of the Hospital that would cause harm to the Hospital or to the reputation of the Network, You authorize CPI or its designee to step in to operate the Hospital if, in CPI's reasonable judgment: . . . CPI decides that significant operational problems exist which require CPI to operate the Hospital for a time.

Section 9.10 of the Agreement. The plaintiffs allege that (1) they "determined in [their] reasonable judgment that Dr. Robb's practice of administering half-doses of vaccines and using the remaining

---

[4]The CPA terminates on February 5, 2013.

dose on other animals . . . is a 'significant operational problem' that entitles [them] to step-in to operate the hospital" (doc. #36 at 6) and (2) the defendant breached the CPA by interfering with CPI's exercise of its step-in rights.  The court must determine whether the plaintiffs have shown likelihood of success on the merits as to their claim and whether the plaintiffs would suffer irreparable harm if they were not granted equitable relief.

The plaintiffs also seek a preliminary injunction to enforce the non-disparagement provision of the CPA.  (Doc. #36 at 5.)  That provision states:

> You must conduct your business following the highest standards of honesty, integrity, fair dealing and ethics. You must do nothing that would tend to discredit, dishonor, reflect adversely upon or in any manner injure the reputation of MMI, CPI, their affiliates, or the Network [of Banfield Pet Hospitals]. . . . You must remove any displayed materials that CPI identifies as inconsistent with this Section 7.16.

Section 7.16 of the Agreement.  Again, the court must determine whether the plaintiffs have adequately shown likelihood of success on the merits as to their claim that the defendant has violated this clause and whether the plaintiffs would suffer irreparable harm absent equitable relief.

Finally, the plaintiffs seek an order holding the defendant in contempt of the Temporary Restraining Order.[5]  (Doc. #11.)  Here,

---

[5]Pursuant to 28 U.S.C. § 636(e)(6)(B), on a motion for contempt in a civil, non-consent case, a magistrate judge "certif[ies] the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into

the court must determine whether the defendant entered the premises or parking lot of the Banfield Pet Hospital in Stamford after Judge Chatigny ordered him not to.

After a careful review of the defendant's description of the testimony he intends to elicit from each proposed witness, it is evident that much of that testimony would not be relevant.[6] For this reason, the court sustains the plaintiffs' relevance objections and precludes the following witnesses: Kelly Klinger (client/former employee); Mary White (former receptionist); Andy Tanner (employee); Nancy (office manager); Charlene (considers defendant her Pastor); Pam Flint (started the Facebook page); Pam Andross (former manager at another hospital); Dr. Kelleher (a vet in Florida who was terminated by Banfield); Pam Hale (former Banfield employee who was terminated); Scott Oppat (director of an association of Banfield charter hospital owners); Dr. Scott Campbell (former chief executive officer, now retired); Kelly Orfield (a Banfield employee who said not to make waves); Dr.

---

question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." See, e.g., Telebrands Corp. v. Marc Glassman, Inc., No. 3:09CV734 (RNC)(DFM), 2012 WL 1050018, at *1 (D. Conn. Mar. 28, 2012). Upon certification, the district judge may impose sanctions after conducting a hearing to decide the facts de novo. 28 U.S.C. § 636(e)(6)(B).

[6]Notably, the defendant's integrity and professional competence are not relevant to the questions presented in the pending motions. Nor are his allegations of being harassed and/or threatened.

Quarti (a medical director); Dr. Mellilo (a medical director); Dana (would testify to defendant's reputation and character); the waitress and receptionist at the City Limits Diner; Edgar (client who called the news); David Longo (client); Mr. and Mrs. Fitchell (former clients); Ellie Goldstein (client and friend); Eileen McCaughern (will testify as to defendant's work with greyhounds); Attorney Richard Johnston (gave defendant an award); Gary Glassman, CPA (will testify as to defendant's integrity); Bill Beatty (same); and Aldona Robb (defendant's wife).  These witnesses are precluded from testifying at the ongoing evidentiary hearing.

On the present record, the court cannot conclude that the testimony of the remainder of the witnesses is obviously irrelevant.  Therefore, they are not precluded at this time.  However, if at any time it becomes apparent that their testimony is irrelevant, the court may decide to exclude it.  Additionally, the defendant is cautioned that the court may exclude evidence pursuant to Rule 403 of the Federal Rules of Evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Subpoenas

If the defendant wishes to call witnesses that the court has not precluded, he is responsible for securing their attendance in

court. He has asked about the issuance of subpoenas. See Fed. R. Civ. P. 45. Rule 45(a)(1)(A) provides that every subpoena must:

> (i) state the court from which it issued;
> (ii) state the title of the action, the court in which it is pending, and its civil-action number;
> (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and
> (iv) set out the text of Rule 45(c) and (d).

Fed. R. Civ. P. 45(a)(1)(A)(i)-(iv).

A subpoena must be signed and issued by either: (1) the clerk of the court or (2) an attorney, as an officer of the court. See Fed. R. Civ. P. 45(a)(3)(A)-(B). Once a subpoena is issued, it must be served properly and within the requirements set forth in Rule 45(b). A subpoena may be served at any place "outside the district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection." Fed. R. Civ. P. 45(b)(2)(B). Rule 45(b)(1) also requires witness fees and mileage. Upon a timely motion to quash, the issuing court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles . . .
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv).

There might be less cumbersome and more efficient alternatives to calling witnesses to testify at the proceeding. For example, in

9

lieu of oral testimony, the plaintiffs have submitted affidavits in support of their motions and suggest that the defendant could do the same.  See Mullins v. City of New York, 626 F.3d 47, 52 (2d Cir. 2010).

Regardless of how the defendant chooses to proceed, the evidentiary hearing is scheduled to resume on January 22, 2013 at 10:30 a.m. and to continue, if necessary, on January 23, 2013.  The defendant is responsible for having his witnesses in attendance and ready to proceed.

SO ORDERED at Hartford, Connecticut this 18th day of January, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge