```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CHARTER PRACTICES                :
INTERNATIONAL, LLC, et al.,      :
                                 :
     Plaintiffs,                 :
                                 :
     v.                          :     CASE NO. 3:12cv1768(RNC)
                                 :
JOHN M. ROBB,                    :
                                 :
     Defendant.                  :
```

## RULING ON PLAINTIFFS' MOTION TO COMPEL

The plaintiffs, Charter Practices International, LLC and Medical Management International, Inc., bring this breach of contract action against former franchisee, defendant John M. Robb, D.V.M. Pending before the court is the plaintiffs' motion to compel and for an award of attorney's fees and costs. (Doc. #144.)

The motion involves a staggering number - almost 60 - of discovery requests. Despite being granted an extension of time in which to respond to the plaintiffs' requests (doc. #128), the defendant's responses are cursory, inadequate, nonresponsive and suggest indifference to the serious obligations of discovery. His objections are not well-founded.[1] According to his affidavit,

---

[1] It appears that the defendant himself prepared the discovery responses. The defendant is advised that he must make a good faith effort to search for responsive information and materials. See 7 James Wm. Moore et al., Moore's Federal Practice § 33-102[1] (3rd ed. 2013)("A party answering interrogatories has an affirmative duty to furnish any and all information available to the party."); Fed. R. Civ. P. 34(a)(1)(responding party must produce responsive documents within his "possession, custody or control"). In addition, the defendant is under a duty to supplement his responses in a timely manner if he "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A).

plaintiffs' counsel reached out to defense counsel to meet and confer to resolve these discovery issues before filing the instant motion but defense counsel did not respond. (Doc. #145, Wolf Aff. ¶4.) Most, if not all, of the requests at issue should have been resolved by counsel without need for judicial intervention. The defendant is admonished that answers to interrogatories and production requests must be full and complete, not evasive. Responses to requests for admission must fairly meet the substance of the request.

After hearing oral argument, the court rules as follows:

<u>Interrogatories</u>

1.   Interrogatory #1(a): The defendant objects on the grounds that there is "no such thing as a 'partial dose'" and asserts that a "full dose is the volume of vaccine determined by the doctor." The objection is overruled. The term "full dose" was defined in this context to refer to the manufacturer's recommended dose and "partial dose" was defined to mean anything less. <u>See</u> Interrogatory 3 (defining a partial dose of vaccine as "less than the dose the vaccine manufacturer recommends be administered in a single vaccination"). The motion is compel as to interrogatory #1 is granted.

2.   Interrogatory 1(b) is granted. The defendant shall supplement his response by type of vaccine.

3.   Interrogatory 1(c) is granted. The defendant shall set forth

the information he provided to customers regarding partial doses of vaccines.

4. Interrogatory 1(d) is granted. The defendant shall identify documents, if any, he provided to customers regarding partial doses. If he provided no documents to customers, he shall so state under oath.

5. Interrogatory 1(e) is withdrawn by the plaintiffs.

6. Interrogatory 1(f) is granted. The defendant shall provide a description of records he created.

7. Interrogatory 2 is granted.

8. Interrogatory 3(a): The defendant objects on the grounds that there is "no such thing as a 'partial dose'" and asserts that a "full dose is the volume of vaccine determined by the doctor." For the reasons stated above, the objection is overruled. Interrogatory 3(a) is granted. The defendant shall identify any veterinarian he knows "who administers partial doses of vaccines."

9. Interrogatory 3(b): The defendant's objection, the same as for interrogatory 3(a), is overruled. Interrogatory 3(b) is granted.

10. Interrogatory 4: The motion to compel is granted. The defendant shall provide a complete and responsive answer.

11. Interrogatories 5 and 6 ask the defendant to state facts and identify documents that support his denial of ¶¶32 and 33 of the complaint. The defendant's objection on the grounds that there is "no such thing as a 'partial dose'" and that a "full dose is the

volume of vaccine determined by the doctor" is overruled. Interrogatories 5 and 6 are granted. See Maziarz v. Housing Authority of Town of Vernon, No. 3:10CV2029(JCH), 2011 WL 4538071, at *2 (D. Conn. Sept. 29, 2011)(overruling objections to interrogatories that seek factual basis for the denial of an allegation because the interrogatories "are permissible areas of inquiry under the rules of discovery, subject to the scope limitations in Rule 26(b).")

12.  Interrogatory 7: The defendant's objection on the grounds that there is "no such thing as a 'partial dose'" and that a "full dose is the volume of vaccine determined by the doctor" is overruled. The motion to compel is granted.  The defendant maintains his response is complete.  If so, he shall so state under oath.

13.  Interrogatory 9:  The motion to compel is granted.  The defendant's response is incomplete.  The defendant shall separately answer each of the subparts of the interrogatory in a methodical way.

14.  Interrogatory 10: The motion to compel is granted.  The defendant's answer is truncated and not fully responsive as it neither describes his "involvement" nor identifies responsive documents.

15.  Interrogatory 15, 16 and 19 seek the facts underlying certain allegations in the counterclaim.  The motion to compel is granted. The defendant shall disclose the facts and identify documents

supporting ¶¶12, 13 and 32 of the counterclaim.

16.  Interrogatories 21 - 24: The defendant's objection on the grounds that the interrogatories exceed the 25 limit is overruled. The motion to compel a response to these requests is granted.

17.  Interrogatory 25 asks the defendant to describe all the facts and identify all the documents which support the defendant's denial of any requests for admission.  The defendant's objection that the interrogatory would exceed Fed. R. Civ. P. 33's limit of 25 interrogatories is sustained.  See Saliga v. Chemtura Corp.,No. 3:12cv832(RNC)(DFM), 2013 WL 6097100, at *3 (D. Conn. Nov. 20, 2013) (where interrogatory sought factual basis for any denial or partial denial of request for admission, it "should be construed as containing a discrete subpart for each request for admission" which resulted in the plaintiff exceeding the 25 interrogatory limit)(citing cases).

Requests for Production

18.  Requests for production 3, 4, 5, 11 and 25 are granted.  The defendant objects to producing the requested documents because they are "available online" and as such, equally available to the plaintiffs.  This objection is insufficient to resist a discovery request.  See, e.g., National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009)(overruling defendant's objection that interrogatory sought information equally available to plaintiff); Fosselman v. Gibbs,

5

No. C 06-0375, 2008 WL 745122, at *4 (N.D. Cal. Mar. 18, 2008)("the objection that information is equally available to the questioner is not a proper objection"); St. Paul Reinsurance Co. v. Commer. Fin. Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000) (plaintiffs' objection that the information and documents sought are equally available to the propounding parties from their own records or from records which are equally available to the propounding parties is a "meritless" basis for objection); City Consumer Services v. Horne, 100 F.R.D. 740, 747 (D. Utah 1983) (it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record"; Petruska v. Johns-Mannville, 83 F.R.D. 32, 35 (E.D. Pa. 1979)(same); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2014 (3rd. ed. 2010)(same).

19. Request for production 6: The defendant objects on the grounds that the investigation is confidential and cites Conn. Gen. Stat. § 20-204a.  The statute provides that the "investigation shall be confidential and not subject to disclosure . . . and no person may disclose knowledge of the investigation to a third party unless the veterinarian requests that the investigation be open."  There is no case law interpreting this statute.  The plaintiffs argue that the defendant waived confidentiality by publicizing he is under investigation, including posting on a public website a letter from the State of Connecticut regarding the investigation and discussing

the investigation in briefs filed with the court.  See doc. #147 at 3, doc. #141 at 1.  Under the circumstances, the statute is not a bar to production.  The request is granted.

20.  Request for production 7:  The part of the defendant's response in which he objects on the grounds that there is "no such thing as a 'partial dose'" and that a "full dose is the volume of vaccine determined by the doctor" is overruled.  The motion to compel is granted.  If there are no additional responsive documents, the defendant shall so state under oath.

21.  Request for production 9, which seeks documents relating to the defendant's assertion that the plaintiffs interfered with his website, is granted.  If the defendant does not have any responsive documents in his care, custody or control, he shall so state under oath.

22.  Request for production 10, which seeks documents that justify the defendant's entry into the hospital, is granted.  The defendant's response is unclear.  If he has responsive documents, he must produce them.  If the defendant does not have any responsive documents in his care, custody or control, he shall so state under oath.

23.  Request for production 11 seeks documents relating to any picket or protest the defendant organized. The defendant's answer, in which he says it was not his idea and that all communications are on Facebook, is nonresponsive.  The request is granted.

24.  Request for production 13, which seeks documents supporting

7

the defendant's damages claim, is granted.  The defendant did not provide any documents, asserting that the plaintiffs are "well aware" of his profits.  This is not a valid objection.  See Wilson Land Corp. v. Smith Barney, Inc., No. 5:97CV519, 2000 WL 33672980, at *3 (E.D.N.C. Dec. 8, 2000)(overruling objection that interrogatory sought information equally available to both parties); 8 Wright, Miller & Marcus, Federal Practice & Procedure, § 2014 at 288 (a party is allowed to inquire about facts already known to him or her).

25.  Requests for production 14 - 17 seek documents supporting the defendant's affirmative defenses and counterclaims.  The defendant objects on the grounds of overbreadth and undue burden.  The objections are overruled.  "Under well-settled law, the party resisting production bears the responsibility of establishing undue burden." Michanczyk v. Metropolitan Life Ins. Co., No. 3:05CV1903, 2007 WL 926911, at *2 (D. Conn. Mar. 26, 2007).  The defendant has made no showing as to the nature and extent of the actual burden he would face in responding to the plaintiffs' requests.  See, e.g., In re In-Store Advertising Sec. Lit., 163 F.R.D. 452, 455 (S.D.N.Y. 1995) ("If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence.").  In the absence of any showing, the court cannot sustain the defendant's burdensomeness objection.  Nor are the requests overly broad.  Moreover, pursuant to Rule 26(a)(1)(A)(ii), the defendant was required to produce or disclose

8

"without awaiting a discovery request" all documents or electronically stored information that the party "may use to support its claims or defenses, unless the use would be solely for impeachment."  This obligation is ongoing, and a party must supplement its initial disclosures when additional information supporting its claims or defenses comes to its attention. Fed. R. Civ. P. 26(e). See Pentair Water Treatment (OH) Co. v. Continental Ins. Co., No. 08 Civ. 3604(BSJ)(JCF), 2009 WL 3817600, at *2 (S.D.N.Y. Nov. 16, 2009) (granting motion to compel document request that sought any documents related to each affirmative defense).

26. Request for production 18 seeks documents the defendant relied on in responding to the interrogatories.  The defendant objects on the grounds that the request is overbroad and unduly burdensome.  The objections are not well-founded and are overruled.  This is an unexceptional discovery request.  See Smith v. Café Asia, 256 F.R.D. 247, 255 (D.D.C. 2009)(plaintiff's request that defendant identify all documents on which it relied in support of its answer to interrogatory was not overly burdensome); Chubb Custom Ins. Co. v. Grange Mut. Cas. Co., No. 2:07-CV-1285, 2009 WL 243034, at *8 (S.D. Ohio Jan. 30, 2009)(granting motion to compel plaintiff to produce "any and all documents used, relied upon, reviewed by, or referred to in the preparation of your responses to the First Set of Interrogatories"); Strauss v. Credit Lyonnais, S.A., 242 F.R.D. 199, 232 (E.D.N.Y. 2007)(ordering plaintiffs to identify and

9

produce non-privileged documents upon which they relied in preparing their interrogatory responses).

27. Request for production 19 seeks "posts, messages, comments or blog posts" the defendant made on the Internet from December 2012 to the date of his response. The defendant objects that the request is overbroad and unduly burdensome. The objections are overruled and the request is granted.

28. Request for production 20: The part of the defendant's response in which he objects on the grounds that there is "no such thing as a 'partial dose'" and that a "full dose is the volume of vaccine determined by the doctor" is overruled. Request for production 20 is granted.

29. Request for production 22 seeks documents that support the defendant's contention that the plaintiffs terminated his former franchise without good cause. The defendant objects on the grounds that the request is overbroad and unduly burdensome. It is neither. The request is granted.

30. Request for production 23: The part of the defendant's response in which he objects on the grounds that there is "no such thing as a 'partial dose'" and that a "full dose is the volume of vaccine determined by the doctor" is overruled. Request for production 23 is granted. To the extent that the defendant does not have any responsive documents in his care, custody or control, he shall so state under oath.

Requests for Admission

>Fed. R. Civ. P. 36(a)(4) provides:
>
>If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Rule 36's function "is to define and limit matters in controversy between the parties." 8B Wright & Miller, Federal Practice and Procedure § 2252 (2010). "The rule is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." Id. "[R]equests for admission are used to establish admission of facts about which there is no real dispute." 7 Moore's Federal Practice § 36.02. "A denial of a matter on which an admission has been requested must fairly meet the substance of the requested admission. If good faith requires that a party qualify its answer or deny only a part of the requested matter, it must specify so much of the request as is true and deny only the remainder." 8B Wright, Miller & Marcus, Federal Practice and Procedure § 2260 (2010).

"If a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter to be true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(c)(2).

11

30. Requests for Admission 1 - 10: The defendant's objection or qualification that a "full dose is the volume of vaccine determined by the doctor to protect the pet" is overruled.  As discussed above, in this context, the term "full dose" is defined as the manufacturer's recommended dose.  The defendant shall serve an amended answer.  Fed. R. Civ. P. 36(a)(6)("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.")

31. Request for Admission 11 is withdrawn by the plaintiffs.

32. Request for Admission 12: The defendant's objection or qualification that a "full dose is the volume of vaccine determined by the doctor to protect the pet" is overruled.  The defendant shall serve an amended answer.

33. Requests for Admission 13 and 14:  The defendant's objection or qualification that a "full dose is the volume of vaccine determined by the doctor to protect the pet" is overruled.  To the extent that the defendant's response must be qualified because his practice changed over time, he must serve an amended answer specifying the part of the request admitted and qualifying or denying the rest.  See 7 Moore's Federal Practice § 36.11 ("When good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest.")

34. Requests for Admission 15 - 17:  The defendant's objection or qualification that a "full dose is the volume of vaccine determined

by the doctor to protect the pet" is overruled.  The defendant's answers are nonresponsive.  The defendant shall serve an amended answer.

35. Requests for Admission 18 - 22:  The defendant's objection or qualification that a "full dose is the volume of vaccine determined by the doctor to protect the pet" is overruled.  The defendant shall serve an amended answer.

36. Requests for Admission 23, 27 and 67: The defendant's objection or clarification that a "full dose is the volume of vaccine determined by the doctor to protect the pet" is overruled.  The defendant's answers are nonresponsive.  The defendant shall serve amended answers.

37.  The plaintiffs' motion as to requests for admission 61 and 62 is denied.  See Fed. R. Civ. P. 37(c)(2) (sanctions for failure to admit if later proved true) and 26(e) (duty to supplement response).

38. Request for Admission 65:  The defendant's answer is nonresponsive.  The defendant shall serve an amended answer without qualification.

Fees

The plaintiffs seek an award of fees and costs incurred in making this motion.  The plaintiffs' motion has been granted in part and denied in part, which permits the court discretion to apportion reasonable expenses.  See Fed. R. Civ. P. 37(a)(5)(C). "Rule 37(a)(5)(C) effectively incorporates the substantive

13

standards of Rule 37(a)(5)(A) . . . that expenses of a discovery motion may be imposed upon a party ordered to produce discovery where that party's 'conduct necessitated the motion'" unless the nondisclosure or objection was substantially justified or other circumstances make an award of expenses unjust. <u>Rahman v. Smith & Wollensky Restaurant Group</u>, No. 06 Civ. 6198(LAK), 2009 WL 2169762, at *2 n.1 (S.D.N.Y. July 21, 2009). The defendant was not substantially justified.[2] Nor are there other circumstances that would make an award of expenses unjust. The plaintiffs' request is granted.[3]

<u>Conclusion</u>

For the foregoing reasons, the plaintiffs' motion to compel (doc. #144) is granted in part and denied in part. Pursuant to D. Conn. L. Civ. R. 37(d), the defendant's compliance is due within 14 days of this order.

SO ORDERED at Hartford, Connecticut this 23rd day of January, 2014.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[2]The defendant's objections were without merit. Similarly, his opposition to the plaintiffs' brief was not substantially justified, that is, it did not have a "reasonable basis in law and fact." 7 <u>Moore's Federal Practice</u> § 37.23[2]. Indeed, his brief did not even address some of the requests at issue.

[3]Counsel are strongly encouraged to come to agreement as to the amount of fees. If they are unable to, the plaintiffs may submit an affidavit itemizing any reasonable expenses incurred in filing the present motion for which they request reimbursement. The defendant may file an objection within 21 days as to the amount of the requested award.