```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

CHARTER PRACTICES                :
INTERNATIONAL, et al.,           :
                                 :
    Plaintiffs,                 :
                                 :
    v.                           :     CASE NO.  3:12cv1768(RNC)
                                 :
JOHN M. ROBB,                    :
                                 :
    Defendant.                   :

## NOTICE and ORDER

Pending before the court is the plaintiffs' "Motion for Sanctions Due to Defendant's Fraud on the Court." (Doc. #187.)

The plaintiffs allege that the defendant bribed a witness, Andy Tanner ("Tanner"), to sign an affidavit that contains materially false statements. Tanner worked for the defendant from 2009 until 2012. In a January 2013 affidavit, Tanner made various statements as to the defendant's vaccine protocols, a key issue in the case. The defendant, then pro se, submitted Tanner's declaration in opposition to the plaintiffs' motion for preliminary injunction. The court subsequently denied the motion as moot. (Doc. #86.)

According to the plaintiffs, Tanner approached plaintiffs' counsel and executed a second declaration in April 2013. In this declaration, Tanner said that his first declaration contains false statements about the defendant's vaccine practices, among other things. He listed and discussed each of the false statements in the January affidavit. Finally, Tanner averred that the defendant

paid him $200 in exchange for signing the January declaration. (Doc. #188, Tanner April Decl. ¶¶4, 11.)  The plaintiffs contend that the defendant's conduct constitutes fraud on the court and that the court should sanction the defendant by dismissing his counterclaims, issuing certain findings of fact and awarding plaintiffs their attorney fees incurred in making this motion.

The defendant denies that he bribed Tanner.  He asserts that Tanner's second declaration, not his first, contains false statements.  (Doc. #199.)  The defendant maintains that: (1) Tanner lacks credibility; (2) Tanner executed the second affidavit out of "revenge"; (3) the statements in Tanner's April 2013 declaration are contradicted by the declarations of other employees; and (4) the $200 was a gift.

"A fraud on the court occurs where it is established by clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense." Passlogix, Inc. v. 2FA Tech., LLC, 708 F. Supp.2d 378, 393 (S.D.N.Y. 2010) (internal quotation marks and citations omitted).

> Upon finding that a party has engaged in misconduct that rises to the level of fraud on the court, the court may impose sanctions. Indeed, under its inherent authority, the Court may do whatever is reasonably necessary to deter abuse of the judicial process and assure a level playing field for all litigants, . . . and this means

> that the court may impose sanctions on the offending party ranging from a jury charge, to an attorneys' fee award, to the dismissal of a party's claims. . . .
>
> Generally, in determining whether to sanction a party with the dismissal of its claims, the court considers five factors: (1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior, rather than an isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future. . . .

In re Dynex Capital, Inc. Securities Litigation, No. 05 Civ. 1897(HB)(DF), 2011 WL 2581755, at *3 (S.D.N.Y. Apr. 29, 2011), report and recommendation adopted, 2011 WL 2471267 (S.D.N.Y. June 21, 2011).  See also Ceglia v. Zuckerberg, No. 10-CV-00569A(F), 2013 WL 1208558, at *8 (W.D.N.Y. Mar. 26, 2013)("courts within the Second Circuit have dismissed cases upon determining the actions were based on forged documents or fabricated evidence") (citing cases).

An evidentiary hearing is necessary before the court can determine whether there is clear and convincing evidence of fraud. See Shah v. Eclipsys Corp., No. 08-CV-2528 (JFB), 2010 WL 2710618 (E.D.N.Y. July 7, 2010)("Although an evidentiary hearing is not always necessary before finding a party has committed fraud on the court, many courts in this circuit and elsewhere have exercised their discretion to hold evidentiary hearings before imposing sanctions on that basis.")(citing cases).

The court reserves decision on plaintiffs' motion for

3

sanctions pending an evidentiary hearing. The parties shall participate in a telephone conference on March 30, 2015 at 11:00 a.m. to schedule the hearing. Plaintiffs' counsel shall initiate the conference call and shall have opposing counsel on the line when calling chambers.

    SO ORDERED at Hartford, Connecticut this 19th day of March, 2015.

                                  _____/s/_____
                                  Donna F. Martinez
                                  United States Magistrate Judge