```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CHARTER PRACTICES                :
INTERNATIONAL, LLC, ET AL.,      :
                                 :
     Plaintiffs,                 :
                                 :
v.                               :     CASE NO. 3:12-cv-1768(RNC)
                                 :
JOHN M. ROBB,                    :
                                 :
     Defendant.                  :
```

RULING ON PLAINTIFFS' MOTION TO FILE SUPPLEMENTAL MATERIALS

Plaintiffs, Charter Practices International, LLC ("CPI") and Medical Management International, Inc. ("MMI") (collectively, "Banfield"), operate company-owned and franchised Banfield pet hospitals. Banfield brought this breach of contract action against its former franchisee, veterinarian Dr. John M. Robb ("Dr. Robb"), and Dr. Robb asserted four counterclaims.[1] (Doc. #159.)  Banfield moved for summary judgment on Dr. Robb's counterclaims as well as its own affirmative breach of contract and CUTPA claims. (Doc. #225, 268.)  On March 10, 2016, I filed a recommended ruling, currently pending before Judge Chatigny, in which I recommended that Banfield's motion for summary judgment be denied. (Doc. #335.)  Banfield now seeks

---

[1] Dr. Robb's counterclaims allege: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq. ("CUTPA"); and (4) negligent infliction of emotional distress.

leave to file supplemental materials in support of its motion for summary judgment. (Doc. #340.)  For the following reasons, the motion is DENIED.

I.   Background and Pending Motions

In its motion for summary judgment, Banfield argues that Dr. Robb violated Connecticut law and the standard of care in veterinary medicine by, inter alia, administering half doses of the rabies vaccine to dogs.  Banfield asserts that this violation amounts to a breach of the parties' franchise agreement, giving Banfield good cause to terminate Dr. Robb's franchise.  Banfield thus contends that summary judgment is appropriate on its affirmative claim and Dr. Robb's counterclaim for breach of contract.  Upon review of the parties' submissions, I concluded that there are genuine disputes of material fact concerning Dr. Robb's conduct and whether it amounts to a breach of the parties' franchise agreement.[2]  I therefore recommended that summary judgment be denied.

---

[2]My recommended ruling said:

> In order for Banfield to succeed on summary judgment on both its affirmative claim and Dr. Robb's counterclaim for breach of contract, the undisputed facts must demonstrate that Dr. Robb breached the CPA, thereby giving Banfield good cause to terminate his franchise.
> The only undisputed facts about Dr. Robb's vaccine practice are that he administered less than the manufacturers' recommended dose of the rabies vaccine (depending on a pet's weight) and stored the remaining dose for another pet.  The parties vigorously contest

2

Banfield now asks the court to consider, in support of its motion for summary judgment, the Connecticut Board of Veterinary Medicine's draft minutes of its May 4, 2016 meeting.  According to the minutes, the Board determined that Dr. Robb violated the standard of care while administering and delegating the administration of the rabies vaccine at his former Banfield pet hospital. (Doc. #340, p. 7.)  Banfield asserts that the minutes reflect that the Board "conclusively established" that Dr. Robb violated the standard of care.  (Doc. #340, p. 4.)  From this, Banfield draws the conclusion that there is no factual dispute that Dr. Robb's violation amounts to a breach of the parties' franchise agreement, thus giving Banfield good cause to terminate his franchise.  It follows, in Banfield's view, that summary judgment should be granted.

II.  Admissibility

"The district court has broad discretion in choosing whether to admit evidence."  Raskin v. Wyatt Co., 125 F.3d 55, 65 (2d Cir. 1997).

---

the details of when and how Dr. Robb began this practice, the exact dosage given to pets depending on their weight, and the duration and manner in which remaining doses were stored and reconstituted.  Because nearly every material fact concerning Dr. Robb's vaccine practice remains in dispute, the court cannot determine at this stage whether Banfield properly terminated his franchise.

(Doc. #335, pp. 14-15.)

3

> The principles governing admissibility of evidence do not change on a motion for summary judgment . . . . Rule 56(e) provides that affidavits in support of and against summary judgment shall set forth such facts as would be admissible in evidence.[3]  Therefore, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.

Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 264 (2d Cir. 2009) (citations omitted).

"[I]n order to be admissible, evidence must be properly authenticated—that is, there must be some 'evidence sufficient to support a finding that the item is what the proponent claims it is.' Fed.R.Evid. 901(a)."  AT Engine Controls Ltd. v. Goodrich Pump & Engine Control Sys., Inc., No. 3:10-CV-01539 (JAM), 2014 WL 7270160, at *8 (D. Conn. Dec. 18, 2014).

> Documents that are not part of the record and that were not produced in response to disclosure or discovery must be introduced by an authenticating affidavit or declaration unless they are self-authenticating and intrinsically trustworthy on their face.  Documents that are merely discussed in the moving papers or presented without authentication will not normally be considered by the court.

11 James Wm. Moore, et al., Moore's Fed. Prac. § 56.92 (3d ed. 2016); see, e.g., Monroe v. Bd. of Ed. of Town of Wolcott, Conn., 65 F.R.D. 641, 645-46 (D. Conn. 1975) ("[C]ourts may consider certified records of administrative proceedings, [but]

---

[3]Local Rule 56 also requires that "[e]ach statement of material fact by a movant . . . must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."  D.Conn.L.Civ.R. 56(a)(3).

4

. . . unverified documents and transcripts that have not been made a part of a pleading cannot be considered in ruling on a motion for summary judgment.").

Banfield offers the minutes by simply attaching a copy to its motion. The minutes are not self-authenticating and Banfield provides no evidence to authenticate them. Banfield states, without elaboration, that "[t]here is nothing speculative or unreliable about the Board's unanimous decision after months of hearings. The draft minutes are simply a recording of what occurred at the meeting." (Doc. #342, p. 5.) This statement is insufficient to establish admissibility.

III. Issue Preclusion

More to the point, however, is that the draft minutes do not prove that Dr. Robb violated the standard of care. With little briefing and no analysis, Banfield alludes to the doctrine of collateral estoppel, baldly declaring that because the minutes "conclusively establish[]" that Dr. Robb violated the standard of care, the court "must necessarily conclude that Plaintiffs were within their rights to terminate [Dr. Robb's] franchise" and, consequently, should enter summary judgment for Banfield. (Doc. #340, p. 4.) Banfield is incorrect.

Under the doctrine of collateral estoppel, also known as issue preclusion,

> when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit . . . .  Generally, for collateral estoppel to apply, four prerequisites must be satisfied: (1) the issues in both proceedings must be identical; (2) the issue must have been actually litigated and actually decided in the prior proceeding; (3) there must have been a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the resolution of the issue must have been necessary to support a valid and final judgment on the merits.

United States v. U.S. Currency in Amount of $119,984.00, More or Less, 304 F.3d 165, 172 (2d Cir. 2002) (citations omitted).

Banfield falls far short of meeting even the most fundamental prerequisite of issue preclusion--a prior final judgment on the merits.  Even assuming their authenticity, the heading of the minutes reveals that they "are draft minutes which are subject to revision and which have not yet been adopted by the Board." (Doc. #340, p. 6.)  The minutes plainly do not constitute a final decision.  See, e.g., Klein v. Goetzmann, 770 F. Supp. 78, 80 (N.D.N.Y. 1991) (finding collateral estoppel to be inapplicable where "there has been no final judgment to which collateral estoppel could be attached").  As such, Banfield's argument is meritless.

IV.  Conclusion

For these reasons, Banfield's motion for leave to file supplemental materials (doc. #340) is DENIED and my recommended

ruling (doc. #335) denying Banfield's motion for summary judgment remains unchanged.

SO ORDERED at Hartford, Connecticut this 23rd day of September, 2016.

                                        _____/s/_____
                                        Donna F. Martinez
                                        United States Magistrate Judge