UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARTER PRACTICES INT'L, LLC :
and MED. MGMT. INT'L, INC., :
 :
    Plaintiffs, :
 :
v. : Case No. 3:12-cv-1768 (RNC)
 :
JOHN M. ROBB, :
 :
    Defendant. :
 :

## RULING AND ORDER

Dr. Robb moves for reconsideration of the judgment awarding damages to plaintiffs for operating losses during the step-in period ($99,541.00) and revaccination costs ($49,148.52) on the grounds that he has not had an opportunity to contest the amount of the operating losses, he should not have to pay for any revaccinations, and he is entitled to an offset in the amount of $57,000, representing his share of the operating profits for the month of November 2012, which the plaintiffs have refused to pay. Plaintiffs respond that Dr. Robb had ample opportunity to contest their claims for operating losses; the revaccination costs were reasonably incurred in order to comply with state law; and Dr. Robb's claim for an offset is untimely and unsupported by anything except his conclusory affidavit.

Treating the motion for reconsideration of the judgment as a motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(1), the motion is granted in part as follows:

(1) The amount awarded to the plaintiffs based on the net

loss of operating the Hospital during the step-in period ($99,541.00) is set aside. Crediting the representations of Dr. Robb's counsel, he did not object to the amount claimed because he believed it would be the subject of a trial. Assuming Dr. Robb had an obligation to object to the plaintiffs' statement of damages (ECF No. 354), as they contend, I find his failure to object excusable in light of his counsel's explanation.[1]

(2) The grant of summary judgment to the plaintiffs on Dr. Robb's claim for $57,000 is set aside. In his counterclaims, Dr. Robb adequately alleged that he is owed $57,000 for his share of the operating profits for November 2012. Magistrate Judge Martinez referred to this claim in her recommended ruling denying the plaintiffs' motion to dismiss the counterclaims. (See ECF No. 250 at 6). The parties' summary judgment briefs did not focus on this claim and I overlooked it in preparing my ruling. Accordingly, the claim should not have been dismissed on summary judgment.

In all other respects, the motion is denied. In particular, Dr. Robb's request for relief from the award of vaccination costs is denied. Unlike Dr. Robb's objection to the award of damages

---

[1] Plaintiffs correctly point out that the amount of the operating loss they claim is substantiated by business records and Dr. Robb has yet to offer any evidence that the amount is overstated. Even so, the amount set forth in the judgment was entered in error in the mistaken belief that there was no objection. Whether Dr. Robb can raise a triable issue as to the amount remains to be seen.

for operating losses, Dr. Robb does not object to the amount of the revaccination costs; he denies owing any amount on the theory that any revaccinations were needless.  Dr. Robb is not entitled to relitigate the issue of the efficacy of partial doses of vaccine, and the plaintiffs acted reasonably in complying with the dictates of state law.

Finally, Dr. Robb moves for leave to amend his motion for reconsideration so that he has time to appeal my Ruling and Order.  (ECF No. 371).  His motion is denied.  The time for filing a notice of appeal is tolled during the pendency of a motion for reconsideration.  See Weitzner v. Cynosure, 802 F.3d 307, 309 (2d Cir. 2015); Chopra v. General Elec. Co., 527 F. Supp. 2d 230, 240 (D. Conn. 2007) (quoting Weyant v. Okst, 198 F.3d 311 (2d Cir. 1999)).  Therefore, amending the motion for reconsideration is not necessary; the defendant still has an opportunity to file a notice of appeal.

The case is hereby referred to Magistrate Judge Martinez for further proceedings on the amount of the plaintiffs' claim for operating losses during the step-in period and Dr. Robb's claim for $57,000.

So ordered this 7th day of August 2018.

/s/RNC
Robert N. Chatigny, U.S.D.J.